# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Sean Croley<br><br>　　　Plaintiff,<br><br>v.<br><br>Convergent Outsourcing, Inc.<br><br>　　　Defendant. | Case No.  13-cv-917<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Sean Croley, ("Sean"), is a natural person who resided in Parkdale, Ohio, at all times relevant to this action.

2. Defendant, Convergent Outsourcing, Inc., ("Convergent"), is a Washington Corporation that maintained its principal place of business in Renton, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Convergent collected consumer debts.

6. Convergent regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Convergent's revenue is debt collection.

8. Convergent is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, Convergent contacted Sean to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Sean is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around April 2013, Convergent began calling Sean in connection with the collection of a debt.

13. During this communication, Sean disputed the debt to Convergent.

14. During this communication, Convergent informed Sean that Convergent was not responsible for determining if the debt was valid.

15. During this communication Convergent informed Sean that Convergent was just responsible for collecting the debt.

16. Despite Sean disputing the debt, Convergent continued to call Sean.

17. During one communication, on or around June 3, 2013, Sean requested Convergent cease further communication with Sean.

18. In response to Sean's request, Convergent threatened Sean with legal action.

19. Convergent has not initiated any legal action against Sean.

20. Convergent never intended to initiate any legal action against Sean.

21. Despite Sean requesting Convergent cease further communication with Sean, Convergent continued to call Sean.

22. Convergent called Sean approximately 100 times after he initially requested Convergent cease further communication.

23. During one communication, Sean again requested Convergent cease further communication with Sean.

24. During this communication, Convergent replied with something substantially similar to, "You can stop us from calling by just paying the bill."

25. Convergent caused Sean severe emotional distress.

26. Convergent attempted to collect a debt from Sean.

27. Convergent violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

### COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

### COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

### COUNT SIX

**Violation of the Fair Debt Collection Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

### JURY DEMAND

40. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip (Ohio Bar Number 0079315)
One of Plaintiff's Attorneys
Date: December 19, 2013    917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com